IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RICHARD TALIAFERRO, et al.,            §
                                       §
                    Plaintiffs,        §
                                       §   Civil Action No. 3:11-CV-1119-D
VS.                                    §
                                       §
SAMSUNG TELECOMMUNICATIONS §
AMERICA, LLC,                          §
                                       §
                    Defendant.         §

MEMORANDUM OPINION
AND ORDER

In this putative class action arising in connection with the sale of a defective mobile

phone and alleging various claims under federal, California, and/or Georgia law for breach

of express or implied warranty, money had and received, and violations of the Magnuson-

Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, defendant moves to dismiss under

Fed. R. Civ. P. 12(b)(6).  The court grants the motion as to all but one claim of one plaintiff,

but it also allows plaintiffs to replead.

I

This is a putative class action brought by plaintiffs Richard Taliaferro ("Taliaferro")

and Barbara McKinney ("McKinney"), on behalf of a nationwide class, against defendant

Samsung Telecommunications America, LLC ("Samsung").  Plaintiffs allege state-law

claims for breach of express and implied warranty and money had and received, and

violations of the MMWA.  All of plaintiffs' claims are based on allegations that Samsung's

Galaxy S mobile phones are defective.

Taliaferro and McKinney purchased their phones from a Fry's Electronics in California and a Wal-Mart in Georgia, respectively.[1]  According to their first amended class action complaint ("amended complaint"), their Galaxy S phones frequently shut down when they entered standby mode, and the phones would not power back on unless the user removed and reinserted the battery.  Plaintiffs allege that the defect manifested itself as many as ten times each day and caused users to lose data when their phones unintentionally powered off.  Plaintiffs allege that they received replacement phones that had the same defect.  Taliaferro contacted his mobile phone service provider about the defect and received a replacement Galaxy S phone, and McKinney received four replacement phones from her service provider.  Plaintiffs assert that, had they known of the defect at the time of their purchases, they would not have purchased the Galaxy S phone.

Before filing suit, plaintiffs' counsel sent Samsung's Chief Executive Officer a letter describing the defect and asking Samsung to cure it.  Plaintiffs allege that Samsung failed to provide the requested relief.  Plaintiffs sent two more letters to Samsung requesting a "true remedy" for themselves and class members.  Alleging that Samsung once again failed to provide the requested relief, plaintiffs filed this lawsuit.[2]

---

[1]As explained in more detail below, *see infra* § II, the court accepts all of plaintiffs' well-pleaded facts as true and views them in the light most favorable to plaintiffs.

[2]Originally, Chris Sodey was also a plaintiff, but he has been dismissed by notice of dismissal.

II

In deciding Samsung's Rule 12(b)(6) motion, the court evaluates the sufficiency of plaintiffs' amended complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive the motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citation omitted).

III

The court determines as a threshold matter which state law it should apply to plaintiffs' various state-law claims. When deciding matters of state law, "a federal court must apply the choice-of-law rules of the state in which it sits." *Coghlan v. Wellcraft Marine*

*Corp.*, 240 F.3d 449, 452 n.2 (5th Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The parties agree that, under Texas choice of law rules, this court should apply the substantive state law of the state where the plaintiff in question purchased his or her phone. *See, e.g., Gulf Underwriters Ins. Co. v. Great W. Cas. Co.*, 278 Fed. Appx. 454, 457 n.3 (5th Cir. 2008) (per curiam) (applying state law that parties agreed governs claims); *Linn v. United States*, 281 Fed. Appx. 339, 346 (5th Cir. 2008) (per curiam) (same). Because Taliaferro purchased his phone in California and McKinney purchased her phone in Georgia, the court will apply California law to Taliaferro's state-law claims and Georgia law to McKinney's state-law claims.

## IV

The court turns first to Samsung's motion to dismiss Taliferro's state-law claims, beginning with his claim for breach of express warranty.

## A

Under California law, "[t]o plead a claim for breach of express warranty, the buyer must allege that the seller (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1142 (N.D. Cal. 2010) (internal citations and quotations omitted). "A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Id.* at 1144 (quoting *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 525 (1992)); *see also Whiteley*

*v. Philip Morris Inc.*, 117 Cal.App.4th 635, 667 (Cal. App. 2004) (addressing preemption question) (quoting *Cipollone*, 505 U.S. at 525) ("Accordingly, the 'requirement[s]' imposed by an express warranty claim are not 'imposed under State law,' but rather imposed *by the warrantor*.")).   Therefore, a plaintiff cannot state a claim for breach of express warranty unless he meets the conditions precedent prescribed by the express warranty.   *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prod. Liab. Litig.*, 754 F.Supp.2d 1145, 1179 (C.D. Cal. 2010) (holding that "Plaintiffs who neither sought repairs pursuant to the recalls nor sought repairs for SUA-related issues[, as required by the warranty,] [could] not pursue a claim for breach of express warranty based on the written warranty.").

B

1

Samsung maintains that Taliaferro's breach of express warranty claim must be dismissed because he has failed to plead a contractual precondition to recovery.   The warranty states: "to obtain service under this limited warranty, purchaser must return product to an authorized phone service facility."[3]   D. App. 3 (alternations omitted).   The parties primarily dispute whether Taliaferro's allegations show that he met the precondition by

---

[3]Samsung attached the warranty to its motion to dismiss.   The court may consider documents attached to a motion to dismiss if they are "referred to in the plaintiff's complaint and are central to the plaintiff's claim."   *Scanlan v. Tex. A&M Univ.*, 343 F.3d 553, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).   Neither party disputes the existence or terms of the warranty, nor its centrality to plaintiffs' claims.

- 5 -

returning his phone to an "authorized phone service facility." *Id.* To demonstrate that he satisfied this precondition, Taliaferro alleges that he "contacted his phone carrier about the shutdown issue, and received a replacement Samsung Galaxy S Fascinate phone," and after experiencing problems with his new phone, "again contacted his wireless service carrier," i.e., Verizon Wireless, Inc. ("Verizon Wireless"). Am. Compl. ¶¶ 32, 34. Taliaferro also asserts that he "contacted [Samsung] and its authorized agents and re-sellers to complain about the Defect," and provided Samsung "an opportunity to cure, which [Samsung] rejected." *Id.* at ¶¶ 50, 74. Taliaferro avers that "the stores Plaintiffs . . . purchased their defective Galaxy S phones from are authorized retailers and authorized service facilities." *Id.* at ¶ 83. Taliaferro does not allege, however, that he returned his phone to Fry's Electronics, the store from which he purchased it. *See id.* at ¶ 30.

Although Taliaferro asserts that he provided Samsung an opportunity to cure the defect and received a replacement phone from his phone carrier, he does not specifically allege that he returned his phone to "authorized phone service facility" of Samsung, as the warranty requires. The court therefore holds that Taliaferro has not satisfied a contractual precondition to recovery under the express warranty. *See, e.g., In re Toyota,* 754 F.Supp.2d at 1179 (holding that plaintiffs who did not take their vehicles to authorized Toyota dealership for repair, as warranty required, could not pursue claim for breach of express warranty).

2

Taliaferro maintains that, even if he has not met this contractual precondition, the law does not require him to do a futile act. He posits that Samsung and its authorized agents and resellers were "unable or unwilling" to repair the defective phones and therefore that compliance with the condition precedent would have been futile. But Taliaferro does not allege that he ever returned his phone to Samsung or to an authorized phone service facility. *See* Am. Compl. ¶ 51. Thus the court cannot draw the reasonable inference that Samsung was unable to fix Taliaferro's phone since Samsung was never provided the opportunity to do so. Moreover, letters sent to Samsung by plaintiffs' counsel, and Samsung's responses to those letters, show that Samsung was willing to repair the phones if plaintiffs returned them to Samsung.[4] *See* D. App. 8 ("[Plaintiffs] need only return the handsets . . . to Samsung to obtain prompt warranty repair or replacement pursuant to the terms of the limited warranty."). Plaintiffs responded to Samsung's request to return the defective phones by asserting that doing so would be futile because McKinney had already received four replacement phones and Taliaferro had received one replacement phone that all had the same

---

[4]Samsung attached to its motion to dismiss the letters sent between the parties. As discussed *supra* at note 3, the court can consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. In the amended complaint, plaintiffs refer to various letters that their counsel sent to Samsung. *See, e.g.,* Am. Compl. ¶¶ 46-49. Although plaintiffs do not explicitly allege that Samsung sent letters in response, the amended complaint does allude to Samsung's letters by paraphrasing Samsung's response contained in the letters. *See id.* at ¶ 47 ("Samsung failed to provide the requested relief."). Additionally, Samsung's responses are central to plaintiffs' allegation that Samsung was unwilling or unable to repair the phones. Moreover, in their response brief, plaintiffs did not dispute the authenticity of the letters.

defect.  Because Samsung offered to replace the defective phones and plaintiffs opted not to accept the offer, the amended complaint does not enable the court to draw the reasonable inference that Samsung was unwilling to repair the defective phones, i.e., that returning the phones to an "authorized phone service facility" of Samsung would have been futile.

Accordingly, the court grants Samsung's motion to dismiss Taliaferro's breach of express warranty claim.[5]

V

The court turns next to Samsung's motion to dismiss Taliaferro's claim for breach of implied warranty.

A

In California, a breach of implied warranty action can be pursued under California's version of the Uniform Commercial Code ("UCC") and the Song-Beverly Consumer Warranty Act ("SBA").  *See* Cal. Com. Code § 2314 (West 2002); Cal. Civ. Code § 1792 (West 2009); *see also Mexia v. Rinker Boat Co.*, 95 Cal. Rptr. 3d 285, 289-90 (Cal. App. 2009).

Under the UCC, "a plaintiff alleging breach of warranty claims must stand in vertical privity with the defendant."  *Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1141 (C.D. Cal. 2005) (internal quotations and citations omitted).  "The term 'vertical privity' refers to

_____

[5]Because the court is dismissing Taliaferro's breach of express warranty claim for failure to plead a contractual precondition, the court need not reach the other arguments on which Samsung relies.

links in the chain of distribution of goods." *Id.* "If the buyer and seller occupy adjoining links in the chain, they are in vertical privity with each other." *Id.* (citing *Osborne v. Subaru of Am., Inc.*, 198 Cal.App.3d 646, 656 n.6 (Cal. App. 1988)). Even if no privity exists, "a plaintiff may maintain an implied warranty claim against a manufacturer when a plaintiff is a third party beneficiary of a contract between the manufacturer . . . and a third party[.]" *In re Sony Vaio Computer Notebook Trackpad Litig.*, 2010 WL 4262191, at *3 (S.D. Cal. Oct. 28, 2010) (citing *Cartwright v. Viking Indus., Inc.*, 249 F.R.D. 351, 356 (E.D. Cal. 2008)). To be a third party beneficiary of a contract, the contract need not "specifically name the party as the beneficiary; the only requirement is that the party is more than incidentally benefi[t]ed by the contract." *Cartwright*, 249 F.R.D. at 356 (internal quotations and citations omitted); *see also Cargill, Inc. v. Souza*, 134 Cal. Rptr. 3d 39, 42 (Cal. App. 2011) ("The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract.").

The SBA provides a cause of action for breach of express and implied warranties in addition to breach of warranty claims under the UCC. *See Mexia*, 95 Cal. Rptr. 3d at 289-90. Under the SBA, "every sale of consumer goods that are sold at retail in this state shall be accompanied by *the manufacturer's and the retail seller's* implied warranty that the goods are merchantable." Civ. § 1792 (emphasis added). Therefore, the plain language of the SBA does not require vertical privity to bring a claim for breach of implied warranty.[6] *See*

---

[6]At least one court applying California law has dismissed a breach of implied warranty claim under the SBA for lack of vertical privity. *See Tietsworth v. Sears, Roebuck & Co.*,

*Gonzalez v. Drew Indus.*, 750 F.Supp.2d 1061, 1072 (C.D. Cal. 2007) (holding that requiring vertical privity "ignores the plain language" of the SBA).

### B

### 1

Samsung moves for dismissal of Taliaferro's breach of implied warranty claim on the ground that he is not in vertical privity with Samsung. Taliaferro purchased his phone from Fry's Electronics, not directly from Samsung. Taliaferro seems to concede that he lacks vertical privity with Samsung, but he maintains that he is the third-party beneficiary of the contract between Samsung and Fry's Electronics and therefore can recover from Samsung for breach of implied warranty. Taliaferro alleges that the Fry's Electronics store where he purchased his phone is an "authorized retailer[]" and "authorized service facilit[y]" of Samsung, Am. Compl. ¶ 83, and that as one of the intended ultimate consumers of the phone, he is a third-party beneficiary of contracts between Samsung and Fry's Electronics.[7]

_____

2009 WL 1363548, at *3 (N.D. Cal. May 14, 2009). But that case neither addressed the plain language of the SBA nor the decisions of courts that have held that the SBA does not require vertical privity. *See, e.g., In re NVIDIA GPU Litig.*, 2009 WL 4020104, at *4 (N.D. Cal. Nov. 19, 2009) ("The plain language of the [SBA] does not require vertical contractual privity between a manufacturer and a consumer."); *Gusse v. Damon Corp.*, 470 F.Supp.2d 1110, 1116 n.9 (C.D. Cal. 2007) (holding that plain language of SBA does not require vertical privity).

[7]Samsung maintains that Taliaferro only alleges that Fry's Electronics is a third-party beneficiary of a contract between Samsung and Verizon Wireless, not that Taliaferro is a third-party beneficiary of a contract between Samsung and Fry's Electronics. Taliaferro does allege, however, that Fry's Electronics had an agreement directly with Samsung. *See* Am. Compl. ¶ 83 ("Pursuant to agreements between [Samsung] and its authorized agents and re-sellers, the stores [i.e., Fry's Electronics and Wal-Mart] Plaintiffs . . . purchased their

Alternatively, Taliaferro posits that, even if he does not meet the UCC privity requirement for a breach of implied warranty claim, he can maintain this cause of action under the SBA, which does not require vertical privity.[8]

Because vertical privity is not required to maintain a breach of implied warranty claim under the SBA,[9] the court concludes that Taliaferro's breach of implied warranty claim cannot be dismissed based on an absence of vertical privity with Samsung.

2

Samsung also maintains that Taliaferro's breach of implied warranty claim must be dismissed because he did not allege that Samsung failed to repair or replace his phone, as the UCC requires.[10]   Rather than disputing Samsung's argument, Taliaferro responds that Samsung's argument is a basis for dismissing his breach of implied warranty claim under the

---

defective Galaxy S phones from are authorized retailers and authorized service facilities, and Plaintiffs . . . are third-party beneficiaries of such contracts.").

[8]Samsung does not dispute that vertical privity is not required under the SBA, but it argues that Taliaferro did not state a claim under the SBA.  The court rejects this argument below.

[9]Because Taliaferro can maintain a breach of implied warranty claim under the SBA, and the court is dismissing his UCC breach of implied warranty claim on other grounds, the court need not address whether Taliaferro is a third party beneficiary of the contract between Samsung and Fry's Electronics.

[10]Under the California UCC, if a remedy "is expressly agreed to be exclusive . . . it is the sole remedy."  Cal. Com. Code § 2719(1)(b) (West 2002).  The warranty for the Galaxy S phone limits remedies to "repair and replace[ment]."  D. App. 3.

UCC but not for dismissal of a breach of implied warranty claim under the SBA.[11]  Samsung

does not dispute this, but instead argues that *Twombly* requires Taliaferro to provide notice

of an SBA claim in the amended complaint in order to rely on it to survive Rule 12(b)(6)

dismissal.

Although the complaint must "give the defendant fair notice of what the claim is,"

*Twombly*, 550 U.S. at 555, "[t]he notice pleading requirements of Federal Rule of Civil

Procedure 8 and case law do not require an inordinate amount of detail or precision." *Cooper*

*Indus., LLC v. Am. Int'l Specialty Lines Ins. Co.*, 273 Fed. Appx. 297, 307 (5th Cir. 2008)

(per curiam) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir.

2000)).  "[T]he form of the complaint is not significant if it alleges facts upon which relief

can be granted, even if it fails to categorize correctly the legal theory giving rise to the

claim." *Id.* (internal citations and quotations omitted).  In other words, it is not necessary for

a plaintiff to plead specifically the legal basis for a cause of action as long as he sufficiently

alleges facts that state a legally cognizable claim.  *See, e.g., Williamson*, 224 F.3d at 434

(holding that plaintiff stated claim for malicious prosecution even though complaint focused

on RICO violations and never mentioned malicious prosecution); *see also Twombly*, 550 U.S.

at 555 ("*Factual* allegations must be enough to raise a right to relief above the speculative

---

[11]Even if a remedy is limited under the UCC, the SBA provides additional remedies such as attorney's fees and costs that are cumulative of any remedies provided under the UCC.  *See* Cal. Civ. Code §§ 1790.4, 1794 (West 2009).

level[.]" (emphasis added)).[12]

The amended complaint alleges that Samsung breached an implied warranty. Even though it does not specify whether the claim is based on the UCC or the SBA, the factual basis for the claim is established by the pleadings. The court therefore holds that the amended complaint adequately pleads Taliaferro's SBA-based breach of implied warranty claim.

Accordingly, the court denies Samsung's motion to dismiss Taliaferro's breach of implied warranty claim under the SBA, but it grants Samsung's motion to dismiss the breach of implied warranty claim under the UCC because Taliaferro does not allege that Samsung failed to repair or replace his phone.

VI

The court now considers Taliaferro's claim for money had and received.

A

Under California Law, an action for money had and received "is in the nature of an equitable [action] and is based on the fact that the defendant has money which, in equity and good conscience" belongs to another. *Stratton v. Hanning*, 139 Cal.App.2d 723, 727 (Cal. App. 1956). "The plaintiff's right to recover is governed by principles of equity, although the action is one at law." *Philpott v. Superior Court*, 1 Cal.2d 512, 522 (Cal. 1934). To

---

[12]The court does not suggest that the is a *per se* rule that the failure to adequately plead the legal basis for a claim can never be considered in determining whether the claim is facially plausible.

plead a claim for money had and received, a plaintiff must allege that "the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff." *Farmers Ins. Exch. v. Zerin*, 53 Cal.App.4th 445, 460 (Cal. App. 1997) (internal quotations and citations omitted); *see also Philpott*, 1 Cal.2d at 521-22.  An action for money had and received is available in contract cases but only when there is "a total failure of consideration [or] . . . in case of a partial failure of consideration . . . where the partial failure is as to a precise and definite part which is capable of being ascertained by computation." *Brown v. Grimes*, 192 Cal.App.4th 265, 282 (Cal. App. 2011) (citations omitted); *see also Mauss v. Kato*, 117 Cal. App. 663, 665 (Cal. App. 1931) ("An action for money had and received will lie when the property received is so entirely worthless that the law will imply a promise to repay the purchase price, but in order to bring a plaintiff within that rule, a total failure of consideration must appear.").

B

Samsung moves for dismissal of this claim on the ground that Taliaferro has failed to allege that Samsung received money from Taliaferro for its use and benefit.  Taliaferro responds that the allegations demonstrate that he paid for a defective Samsung phone and therefore his money "in equity and good conscience belongs to [him]."  Am. Compl. ¶ 103.

Taliaferro has failed to plead, however, that there was a "total failure of consideration."  *Brown*, 192 Cal.App.4th at 282.  In fact, the allegations of the amended complaint show that he received partial consideration.  Although it was necessary for Taliaferro to "remove and replace the battery . . . on a daily basis," Am. Compl. ¶ 30, he in

fact received and used the phone.  His partial use of the phone demonstrates that there was not a total failure of consideration.  Nor does Taliaferro plead that the partial consideration he received "is capable of being ascertained by computation," which is necessary in case of a partial failure of consideration.  *See Brown*, 192 Cal.App.4th at 282.  Because Taliaferro has not alleged a plausible claim for money had and received, the claim is dismissed.[13]

VII

The court now addresses Samsung's motion to dismiss McKinney's Georgia state-law claims, beginning with her claim against Samsung for breach of express warranty.

A

Under Georgia law, to plead a claim for breach of express warranty, a plaintiff must allege the existence of an express warranty, breach, and damages proximately caused by the breach.  *See* 5 Ga. Jur. UCC § 2:132.  "When a warrantee brings a breach of express warranty claim, the terms of the written warranty control."  *McQueen v. Minolta Bus. Solutions, Inc.*, 620 S.E.2d 391, 393 (Ga. App. 2005) (citations omitted).  "Thus, a warrantee can succeed on a breach of the warranty claim only if she has first satisfied the express conditions precedent for enforcement as prescribed by the warranty."  *Id.*  Additionally, "Georgia law imposes two conditions before a breach of a written warranty can exist: (1) notice of the defect and (2) a reasonable opportunity to repair the defect."  *Knight v. Am. Suzuki Motor Corp.*, 612 S.E.2d 546, 549 (Ga. App. 2005); *see also* Ga. Code. Ann. § 11-2-607 (2011).

---

[13]Because the court is dismissing Taliaferro's claim for money had and received, the court need not reach the other arguments on which Samsung relies.

B

Samsung first contends that McKinney's breach of express warranty claim must be dismissed because, like Taliaferro, she has failed to satisfy the condition precedent for enforcement of the warranty, that is, she did not plead that she returned her phone to Samsung or to a Samsung "authorized phone service facility." D. App. 3. McKinney maintains that she met the condition precedent by returning her phone to *her service carrier*. Am. Compl. ¶¶ 37-41. But she does not allege that she returned her phone to an authorized *phone service facility*. Therefore, she has not adequately pleaded that she met the warranty's condition precedent.

Like Taliaferro, McKinney also argues that she has stated a claim for breach of express warranty because conditions precedent can be excused if compliance with them would be futile. *See City of Savannah v. Batson-Cook Co.*, 714 S.E.2d 242, 247 (Ga. App. 2011) ("The law does not require a futile act."). But even if the court assumes *arguendo* that her futility argument applies to a breach of express warranty claim, her allegations, taken as true, do not enable the court to draw the reasonable inference that compliance with the contract's condition precedent would have been futile. McKinney essentially argues that because a similar or related act—returning her phone to *her service carrier*—would have been futile, it can be determined that returning her phone *to an authorized phone service facility* would have been futile as well. McKinney's service carrier, however, is not the same as an authorized Samsung phone service facility, and she has failed to plead an adequate basis for essentially equating the two. Therefore, the court concludes that McKinney has not

- 16 -

met a condition precedent to enforce the express warranty, and she has failed to make a plausible showing that compliance with this condition precedent would have been futile.

Accordingly, the court grants Samsung's motion to dismiss McKinney's breach of express warranty claim.[14]

VIII

The court now considers McKinney's claim for breach of implied warranty.

A

Georgia law permits parties to limit the remedies available for breach of warranty, including for breach of an implied warranty. *See* Ga. Code Ann. § 11-2-719 (2011). If a certain remedy is "expressly agreed to be exclusive . . . it is the sole remedy." Ga. Code Ann. § 11-2-719(1)(b).

Under Georgia law, warranties, like other contractual provisions, may be unconscionable and therefore unenforceable as a matter of law. A court can "refuse to enforce a contract or provision thereof if it finds that any clause of the contract was unconscionable at the time the contract was made." *Gibbs Patrick Farms, Inc. v. Syngenta Seeds, Inc.*, 2008 WL 822522, at *10 (M.D. Ga. Mar. 26, 2008) (citing Ga. Code Ann. § 11-3-302 (2002)). "[M]anufacturers may not limit or exclude [consequential] damages where the result would be unconscionable." *NEC Tech., Inc. v. Nelson*, 478 S.E.2d 769, 771 (Ga.

---

[14]Because the court is dismissing McKinney's breach of express warranty claim for failure to plead a contractual precondition to recovery, the court need not reach the other arguments on which Samsung relies.

1996) (citing Ga. Code Ann. § 11-2-719(3)).  "The unconscionability analysis consists of a

two-pronged inquiry into both the procedural and substantive unconscionability of the

clause."  *Gibbs Patrick Farms*, 2008 WL 822522, at *10.

> Procedural unconscionability addresses the process of making
> the contract, while substantive unconscionability looks to the
> contractual terms themselves.  A non-inclusive list of some
> factors courts have considered in determining whether a contract
> is procedurally unconscionable includes the age, education,
> intelligence, business acumen and experience of the parties,
> their relative bargaining power, the conspicuousness and
> comprehensibility of the contract language, the oppressiveness
> of the terms, and the presence or absence of a meaningful
> choice.  As to the substantive element of unconscionability,
> courts have focused on matters such as the commercial
> reasonableness of the contract terms, the purpose and effect of
> the terms, the allocation of the risks between the parties, and
> similar public policy concerns.

*NEC Tech*, 478 S.E.2d at 771-72.  The unconscionability determination must be made "in the

light of the general commercial background and the commercial needs of the particular trade

or case[.]"  *Id.* at 771 (citations omitted).  A warranty should only be deemed unconscionable

if "decent, fairminded persons would possess a profound sense of injustice from the

enforcement of th[e] warranty provision."  *Id.* at 775.

Georgia law also provides for additional remedies if the limited warranty fails of its

essential purpose.  "Where circumstances cause an exclusive or limited remedy to fail of its

essential purpose, remedy may be had as provided in this title."  Ga. Code Ann. § 11-2-

719(2); *see also Advanced Computer Sales*, *Inc. v. Sizemore*, 366 S.E.2d 303, 305 (Ga. App.

1988).  "[W]here an apparently fair and reasonable clause because of circumstances fails in

- 18 -

its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of this Article."  Comment to Ga. Code Ann. § 11-2-719.  "[T]his provision applies in cases where the seller attempts to exclude all express or implied warranties."  *Lee v. Mercedes-Benz USA, LLC*, 622 S.E.2d 361, 362 (Ga. App. 2005).

B

1

Samsung argues that because it limited the remedies available for breach of warranty to the repair or replacement of a defective phone, and McKinney failed to allege that Samsung refused to repair or replace her phone, she has failed to state a claim for breach of implied warranty.  McKinney responds that Samsung's warranty not only limits the remedies available but also disclaims all implied warranties.  She posits that because the disclaimer was not presented to her before the sale and did not form part of the bargain, it is unenforceable.  Samsung avers that it is not relying on its disclaimer as a basis to dismiss McKinney's breach of implied warranty claim, but only on the limitation of remedies available.

Although McKinney is correct that Samsung's warranty contains a disclaimer, Samsung does not rely on the disclaimer as grounds for dismissal.  Instead, Samsung invokes the limitation of the remedies available for a breach of the warranty, which is distinct from disclaiming all implied warranties.  *Compare* Ga. Code Ann. § 11-2-719 *with* Ga. Code Ann. § 11-2-316 (2011); *see also Apex Supply Co. v. Benbow Indus., Inc.*, 376 S.E.2d 694, 696-97

(Ga. App. 1988) (discussing difference between "total disclaimer" of all implied warranties and "mere limitation" on remedies for breach of implied warranties). The court therefore need not address whether the disclaimer formed part of the bargain because Samsung only relies as a basis for dismissal on the limitations of remedies.

As discussed above, the allegations of the amended complaint do not enable the court to draw the reasonable inference that Samsung refused to repair or replace plaintiffs' phones in accordance with the limited remedy. In order to maintain a claim for breach of implied warranty, McKinney must establish either that Samsung refused to provide the limited remedy or that the limited remedy is unenforceable. Because McKinney has not alleged that Samsung refused to provide the limited remedy, the court addresses below McKinney's arguments that Samsung's limited warranty is unenforceable.

2

McKinney argues that limiting the available remedies only to repair and replacement is unconscionable, and that, to state a claim for breach of implied warranty, it is unnecessary for her to allege that Samsung failed to repair or replace her phone. McKinney relies on *Gibbs Patrick Farms* to demonstrate that Samsung's warranty is unconscionable. The court in *Gibbs Patrick Farms* relied on *Mullis v. Speight Seed Farms, Inc.*, 234 Ga. App. 27, 505 S.E.2d 818 (Ga. App. 1998), to hold that a seed manufacturer's disclaimer and limitation of warranty was unconscionable. *Gibbs Patrick Farms* and *Mullis* based their holdings primarily on the fact that the farmers who purchased the seeds would not be adequately compensated by a warranty that only covered repair or replacement because they "had to

spend large amounts of money before discovering that the seed was defective," and repair or replacement was "not adequate recourse for a farmer's lost profit and expenditures." *Gibbs Patrick Farms*, 2008 WL 822522, at *11. Moreover, the court in *Mullis* distinguished a limited warranty for seeds from warranties for "products such as television sets, computers, and piping, the value of which is established by the product itself[.]" *Mullis*, 505 S.E.2d at 820. Samsung's warranty covering the Galaxy S phone, which limits the remedies to repair and replacement, is more analogous to Georgia cases that involve television sets or computers, where the value of the product "is established by the product itself." *Id.*; *see also NEC Tech.*, 478 S.E.2d at 771-74 (upholding television set warranty that limited remedies to replacement of parts and labor); *McCrimmon v. Tandy Corp.*, 414 S.E.2d 15, 18 (Ga. App. 1991) (upholding limited warranty for computer hardware and software). Accordingly, the court holds that McKinney has failed to plead a plausible claim that Samsung's warranty is unconscionable.

3

McKinney next posits that it is unnecessary for her to allege that Samsung failed to repair or replace her phone because additional remedies are available when circumstances cause a limited remedy to fail of its essential purpose. Georgia law provides that if circumstances cause a remedy to fail of its essential purpose, "the general remedy provisions of the Uniform Commercial Code take effect." *Advanced Computer Sales*, 366 S.E.2d at 305. McKinney maintains that the essential purpose of the warranty failed because Samsung refused to provide either of the only remedies available under the limited warranty—repair

or replacement.  As discussed above, McKinney, like Taliaferro, has not adequately alleged that Samsung or an authorized Samsung phone service facility had an opportunity to repair or replace her phone.  Therefore, the allegations do not support McKinney's claim that circumstances have caused the warranty to fail of its essential purpose.[15]

Accordingly, the court grants Samsung's motion to dismiss McKinney's claim for breach of implied warranty.

## IX

The court now considers Samsung's motion to dismiss McKinney's claim for money had and received.

## A

A claim for money had and received is "legal in form, [but] founded on the equitable principle of unjust enrichment."  *Baghdady v. Cent. Life Ins. Co.*, 480 S.E.2d 221, 224 (Ga. App. 1996).  To plead a claim for money had and received, a party must allege that "a person has received money of the other that in equity and good conscience he should not be permitted to keep; demand for repayment has been made; and the demand was refused."  *McGonigal v. McGonigal*, 669 S.E.2d 446, 448 (Ga. App. 2008) (citations and internal alternations omitted).  A claim for money had and received is only available "when there is

---

[15]Moreover, Georgia courts do not find that a warranty fails of its essential purpose unless the seller attempts to exclude all warranties.  *See Lee*, 622 S.E.2d at 362.  Samsung's limited warranty provides for repair or replacement of a defective phone for one year from the purchase date, *see* D. App. 3, and McKinney's allegations do not enable the court to draw the reasonable inference that Samsung failed to make those remedies available.

no express contract." *Fulton Cnty. v. S. Hope Humane Soc'y*, 691 S.E.2d 393, 395 (Ga. App. 2010); *see also Baghdady*, 480 S.E.2d at 224 (holding money had and received claim only applies "when there is no actual legal contract").

B

Samsung argues that McKinney's claim for money had and received must be dismissed because such a cause of action is unavailable where there is an express contract between the parties.   Relying on *National Elite Transporation, LLC v. Angel Food Ministries, Inc.*, 2011 WL 2728408, at *4 (M.D. Ga. July 12, 2011), McKinney responds that she has the right to plead in the alternative, and that an equitable count should not be dismissed merely because Georgia law prohibits her from recovering under both legal and equitable causes of action.   Samsung maintains that this is only true when one party disputes the existence of a valid contract, not, as here, when both parties acknowledge the existence of a valid contract.

A claim for money had and received is only available when there is no express contract between the parties.   *See Fulton Cnty.*, 691 S.E.2d at 395.   A party can plead legal and equitable claims in the alternative, but only when one party disputes the existence of a contract governing the dispute.   *See Nat'l Elite Transp.*, 2011 WL 2728408, at *4 (refusing dismissal of equitable claim because "the Amended Complaint clearly alleges that Defendants contest whether the . . . agreement is valid"); *see also Goldstein v. Home Depot U.S.A., Inc.*, 609 F.Supp.2d 1340, 1347 (N.D. Ga. 2009) ("While a party may plead equitable claims in the alternative, the party may only do so if one or more of the parties contest[] the

- 23 -

existence of an express contract governing the subject of the dispute.").  Because neither McKinney nor Samsung disputes the existence of Samsung's warranty that governs the parties' relationship, McKinney cannot state an alternative claim under Georgia law for money had and received.

Accordingly, the court grants Samsung' motion to dismiss McKinney's claim for money had and received.[16]

X

Finally, the court addresses plaintiffs' claim under the MMWA.

A

"[T]he MMWA creates a statutory cause of action for consumers damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation [imposed by the Act] or [established by] a written warranty, implied warranty, or service contract." *Walton v. Rose Mobile Homes, LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (citing 15 U.S.C. § 2310(d)(1)) (internal quotations omitted).  The MMWA does not provide an independent basis for liability, but instead "provides a federal cause of action for state law express and implied warranty claims."  *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F.Supp.2d 1077, 1101 (S.D. Cal. 2010); *see also Monticello v. Winnebago Indus., Inc.*, 369 F.Supp.2d 1350, 1356 (N.D. Ga. 2005) ("[A] federal court

---

[16]Because the court is dismissing McKinney's claim for money had and received, it need not reach Samsung's argument that McKinney did not plead all of the elements necessary to state a claim on which relief can be granted.

applies state law to claims under the [MMWA] for breach of written and implied warranties.").

Before plaintiffs can bring a claim under the MMWA for breach of warranty, they "must give persons obligated under the warranty a reasonable opportunity to 'cure' their failure to comply with the obligations at issue." *Walton*, 298 F.3d at 474 (quoting 15 U.S.C. § 2310(e)). Some courts hold that knowledge of the defect at the time of the sale is enough to satisfy the MMWA's opportunity-to-cure requirement. *See, e.g., Alberti v. Gen. Motors Corp.*, 600 F. Supp. 1026, 1028 n.2 (D.D.C. 1985); *Radford v. Daimler Chrysler Corp.*, 168 F.Supp.2d 751, 754 (N.D. Ohio 2001) (citing *Alberti*). Others hold that mere knowledge by the warrantor is not enough to meet the MMWA's opportunity-to-cure requirement, and that the warrantor must instead have an opportunity to cure the defect in the specific product used by the plaintiff. *See, e.g., Tietsworth v. Sears, Roebuck & Co.*, 720 F.Supp.2d 1123, 1143-44 (N.D. Cal. 2010) ("Even if a product is defective at the time of sale, a manufacturer would be deprived of an opportunity to cure the defect if it remains unaware when that 'latent' defect manifests itself.").

B

1

Samsung argues that because plaintiffs have not stated a state-law warranty claim, their MMWA claim must also be dismissed. Plaintiffs respond that the MMWA creates an independent cause of action regardless whether a plaintiff also has a state law breach of warranty claim. Plaintiffs maintain that the two definitions of "written warranty" in the

MMWA are independent of state-law express warranty claims.  The only authority plaintiffs cite in support of their position is *Borchardt v. Mako Marine International, Inc*., 2011 WL 2084177, at *5 (S.D. Fla. May 24, 2011), which holds that a party can state a claim under the MMWA even if its state-law breach of express warranty claim is dismissed on the basis that the parties lack vertical privity.  Samsung responds that because plaintiffs' state-law claims must be dismissed for reasons other than lack of vertical privity, they cannot maintain their MMWA claim.

The court holds that an underlying state law breach of warranty claim is required to maintain an MMWA claim.  The MMWA's jurisdictional clause allows a party to sue in federal court based on state-law warranty claims, but it does not permit an MMWA breach of warranty claim without an underlying state cause of action.  *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004) (citing *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998) ("The [MMWA] . . . allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action.")); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008) (citing *Schimmer*, 384 F.3d at 405) ("[Plaintiff] alleges a violation of the [MMWA] only insofar as DaimlerChrysler may have breached its warranties under state law; there is no allegation that DaimlerChrysler otherwise failed to comply with the [MMWA]. Therefore, the federal claims hinge on the state law warranty claims.").[17]

---

[17]The MMWA's two definitions of "written warranty" do not affect whether an underlying state law claim is required.

Although McKinney has not stated a breach of warranty claim under Georgia law, Taliaferro has stated a breach of implied warranty claim under California's SBA. Therefore, Taliaferro has sufficiently alleged an underlying state-law breach of warranty claim that allows him to maintain an MMWA claim against Samsung. But because McKinney has not sufficiently alleged an underlying state-law breach of warranty claim, the court grants Samsung's motion to dismiss her MMWA claim.

2

Samsung next contends that Taliaferro's MMWA claim must be dismissed because he has failed to give Samsung a "reasonable opportunity to cure" his defective phone. Taliaferro responds that the opportunity-to-cure requirement was satisfied in three distinct ways. First, he argues that because Samsung had knowledge of the Galaxy S's defect when it was selling the phone, the MMWA's opportunity-to-cure requirement was met.[18] Samsung responds by questioning case law that holds that the mere knowledge of a defect at the time of sale is sufficient to meet the MMWA's opportunity-to-cure requirement. Samsung maintains that the MMWA required that Taliaferro afford Samsung an opportunity to cure

---

[18]To demonstrate Samsung's knowledge of the defect, Taliaferro relies in part on online forum comments of consumers whose phones were defective, and that plaintiffs included in their amended complaint. In response, Samsung attached an exhibit to its reply brief consisting of forum comments of consumers described a solution for the defect. On December 9, 2011 plaintiffs filed a motion to strike Samsung's exhibits attached to its reply brief, contending, *inter alia*, that Samsung did not seek leave to file the appendix. In turn, Samsung filed on December 28, 2011 a motion for leave to file reply appendix. Because the court has not relied on either side's exhibits in deciding the motion to dismiss, it denies both motions without prejudice as moot.

the defect in the particular phone, regardless of the knowledge Samsung may have had at the time the phone was sold.  For the reasons explained above, the court declines to adopt the reasoning of *Alberti* and *Radford*, and it concludes that knowledge of a defect at the time of sale does not satisfy the MMWA's opportunity-to-cure requirement.  The MMWA requires more than mere knowledge that a product might be defective; it mandates a reasonable opportunity to cure the defect once it has manifested itself in the product.

Second, Taliaferro maintains that the opportunity-to-cure requirement was met because he received a replacement phone from Fry's Electronics, Samsung's authorized agent and reseller.  But as discussed above, Fry's Electronics may be Samsung's authorized agent and reseller, but providing the reseller an opportunity to cure the defect did not afford *Samsung* an opportunity to cure the defect, as the MMWA requires.  *See* 15 U.S.C. § 2310(e) ("No action . . . may be brought . . . unless *the person obligated under the warranty* . . . is afforded a reasonable opportunity to cure.") (emphasis added)).  Because Samsung is the entity obligated under the warranty, Taliaferro's providing Fry's Electronics an opportunity to cure is insufficient under the MMWA.

Third, Taliaferro contends the letters that plaintiffs' attorney sent on plaintiffs' behalf to Samsung describing the defect and requesting a cure provided Samsung a sufficient opportunity to cure the defect.  But even if these letters gave Samsung notice of the defect, as discussed above, Samsung responded to the request by agreeing to cure the defect if plaintiffs would send their defective phones to Samsung in accordance with the terms of the express warranty.  Taliaferro refused to send his phone to Samsung and therefore deprived

Samsung of the opportunity to cure the defect.

The court concludes that none of Taliaferro's three arguments permits the court to draw the reasonable inference that Samsung was afforded an opportunity to cure. Accordingly, the court also grants Samsung's motion to dismiss Taliaferro's MMWA claim.

XI

Although the court is granting Samsung's motion to dismiss, it will permit plaintiffs to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that plaintiffs cannot, or are unwilling to, cure all of the defects the court has identified, the court grants them 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

\*   \*   \*

For the reasons explained, Samsung's October 20, 2011 motion to dismiss is granted in part and denied in part. The court dismisses all of plaintiffs' claims except Taliaferro's claim for breach of implied warranty under the California SBA. The court also grants plaintiffs leave to replead their dismissed claims. The amended complaint must be filed within 30 days of the date this memorandum opinion and order is filed. Plaintiffs' December 9, 2011 motion to strike appendix and Samsung's December 28, 2011 motion for leave to file

reply appendix are denied without prejudice as moot.

**SO ORDERED.**

January 19, 2012.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE