**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RICHARD TALIAFERRO, BARBARA MCKINNEY, and BRIAN NEWBOLD, Individually and on Behalf of All Others Similarly Situated;<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC;<br><br>　　　　　Defendant. | Case No. 3:11-CV-01119-D<br><br><br><br>DEMAND FOR JURY TRIAL |

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Richard Taliaferro, Barbara McKinney and Brian Newbold ("Plaintiffs"), individually and on behalf of all others similarly situated, by their undersigned counsel, allege the following upon personal knowledge as to their own acts and upon information and belief as to all other matters, which allegations are likely to have evidentiary support after the opportunity for further investigation and discovery.

**NATURE OF THE ACTION**

1.　　Plaintiffs bring this action against defendant Samsung Telecommunications America, LLC ("Samsung" or "Defendant") on behalf of all persons who purchased a defective Samsung Galaxy S mobile phone.

— 1 —

2.      Defendant's Galaxy S mobile phones suffer from a defect, which causes Plaintiffs' and the Class members' phones to freeze, shut down, and power-off randomly while in standby mode, rendering the phones unfit for their intended use as mobile phones (the "Defect").

3.      Just after Samsung released the Galaxy S phones, consumers immediately began to complain about the Defect by contacting Defendant and its authorized phone service facilities (*i.e.*, phone carriers) and by posting consumer complaints about the Defect on Samsung's own website.

4.      Plaintiffs attempted to have their defective phones repaired or replaced pursuant to Defendant's warranties.  Plaintiffs made repeated repair attempts, gave pre-lawsuit written notice of the Defect to Defendant for all affected persons, and provided Defendant the opportunity to cure the Defect for Plaintiffs and all other similarly affected consumers -- all to no avail.  To date, Defendant and/or its authorized phone service facilities have been unable or unwilling to repair the Defect or offer Plaintiffs and Class members a non-defective Samsung Galaxy S phone or reimbursement for the cost of such phone and the consequential damages arising from the purchase and use of such phones.

5.      Defendant knew or should have known of the Defect prior to selling or placing the Samsung Galaxy S phones into the stream of commerce.  And despite having notice of the Defect shortly after introducing the phones into the market, Defendant and its authorized resellers continued to sell and distribute the defective phones to Plaintiffs and the Class without warning or disclosure of the Defect.

6.      Plaintiffs and Class members suffered injury in fact as a result of Defendant's conduct in manufacturing, distributing and selling defective mobile phones.  Samsung has failed

to remedy this harm, and has earned and continues to earn substantial profits from the sale of the defective phones.

## THE PARTIES

7.      Plaintiff Richard Taliaferro is an individual and a citizen of the State of California.  Plaintiff Taliaferro purchased a Samsung Galaxy S Fascinate mobile phone from one of Defendant's authorized resellers and has experienced the Defect alleged in this complaint.

8.      Plaintiff Barbara McKinney is an individual and a citizen of the State of Georgia. Plaintiff McKinney purchased a Samsung Galaxy S Fascinate mobile phone from one of Defendant's authorized resellers and has experienced the Defect alleged in this complaint.

9.      Plaintiff Brian Newbold is an individual and a citizen of the State of California. Plaintiff Newbold purchased a Samsung Galaxy S Epic 4G mobile phone from one of Defendant's authorized resellers and has experienced the Defect alleged in this complaint.

10.      Defendant Samsung Telecommunications America, LLC is a corporation that is incorporated under the laws of the State of New York.  Defendant's principal place of business is located in Richardson, Texas, as its primary corporate offices and headquarters are located there as are its primary officers and directors.  Defendant's actions at issue in this complaint, including the manufacturing and distribution of defective Galaxy S phones, the issuance of uniform warranties, and the decision not to repair such phones, replace them with non-defective phones or provide any compensation therefor, also took place here.  At all relevant times, Defendant was engaged in the business of designing, manufacturing, distributing and/or selling consumer electronic products, including its Samsung Galaxy S mobile phones, from here and throughout the United States.

11.     Whenever this complaint refers to any act of Defendant, the reference shall mean (1) the act of the directors, officers, employees, affiliates, or agents of Defendant who authorized such act while actively engaged in the management, direction or control of the affairs of Defendant, or at the direction of Defendant, and/or (2) any persons who are the parents or alter egos of Defendant, while acting within the scope of their agency, affiliation, or employment, and/or (3) any persons who were acting as authorized agents and resellers for Defendant's phones.

## JURISDICTION AND VENUE

12.     The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(d), the Class Action Fairness Act, because this suit is a class action, the parties are minimally diverse, and the amount in controversy exceeds $5 million, excluding interest and costs.

13.     Venue is proper in this District under 28 U.S.C. § 1391(a)(1) and (2) because Defendant resides in this district and a substantial part of the events or omissions giving rise to this claim occurred in this district.  Defendant maintains its principal executive offices in this district in Richardson, Texas.

## FACTUAL ALLEGATIONS

14.     Samsung designs, manufactures, distributes, and warrants the Galaxy S mobile phones.

15.     Samsung's Galaxy S mobile phones suffer from the Defect, which causes Plaintiffs' and Class members' phones to freeze, shut down, and power-off randomly while in standby mode, rendering the phones unfit for their intended use.

**A.      Samsung Galaxy S Mobile Phone Product Line**

16.     Samsung produces a line of cellular phones called the "Samsung Galaxy S," which uses the Google Android operating system.  Samsung's line of Galaxy S phones includes the Captivate for AT&T, the Vibrant for T-Mobile, the Epic 4G for Sprint, and the Fascinate for Verizon.  These are all essentially the same phones, just with different names.

17.     Each phone in the Samsung Galaxy S product line is a "smartphone." "Smartphones" are cellular phones that run on an operating system and can run applications.

18.     Each phone in the Galaxy S product line has essentially the same product features, including a 4-inch "Super AMOLED" display, a 1 GHz "Hummingbird" Cortex A8 processor, a 5-megapixel auto-focus camera, and the ability to display HD video.  The Defect occurs in each of these phone models across phone carrier lines, such that the presence of the Defect appears to have nothing to do with the particular carrier that sells the phone.

**B.      The Samsung Galaxy S Mobile Phone Defect**

19.     After Samsung released the Galaxy S phones in the Summer of 2010, consumers immediately began to complain about the Defect by contacting Defendant and its authorized resellers and by posting hundreds (if not thousands) of consumer complaints about the Defect online.

20.     These complaints all identify the same essential Defect.  When a smartphone is powered on but is not being actively used, it is in "standby mode" in order to extend battery life. The Defect occurs when consumers cannot wake their phones from "standby mode."  Non-defective phones should "awaken" from standby mode and return to normal operating function simply by pushing any button on the phone or when a call or text message comes in on the phone.  Consumers discovered that while in "standby mode," the Samsung Galaxy S phone

freezes or powers itself off, meaning it cannot receive or deliver telephone calls, messages or data during that time.

21.     To operate their phones after experiencing the Defect, a consumer must remove the battery from the Galaxy S phone, reinsert it, and power the phone back on.  Simply pressing the power button is futile because the phone does not power on without first removing and reinserting the battery.

22.     The Defect occurs randomly and repeatedly, causing the phone to freeze or power off while in standby mode, as many as ten times per day.  Thus, once the phone is powered back on, it is still susceptible to powering itself back off and losing data.

23.     The Defect also causes the phone to reset while the phone is being used to make calls. While a consumer is speaking on the phone, it will reset itself during the call and make the phone unusable while it is restarting.

24.     Although numerous consumers reported the Defect to Samsung and its authorized resellers soon after its release, Samsung failed to notify consumers, including Plaintiffs, about the Defect prior to or after purchase.

25.     Because the Defect causes the phones to repeatedly freeze or turn off, Plaintiffs and Class members have missed phone calls, alerts, messages, e-mails, and alarms, and otherwise lost the ability to access or save data on the phone.

26.     The presence of the Defect is material, and neither Plaintiffs, Class members, nor any reasonable consumer would have purchased the defective Samsung Galaxy S mobile phones at the prices that they did had they known or had they been informed about the Defect prior to purchase.

27.     As evidence of the significance of the Defect, many consumers have opted to pay additional and substantial fees to either purchase a new phone at full-retail price, or have paid early termination fees in order to purchase a new phone.  Consumers found that paying those substantial fees as the only way to obtain full relief from their defective Samsung Galaxy S phones.

**C.     Plaintiffs' Experiences and Attempts to Repair the Defect**

28.     Plaintiff Taliaferro owns a Samsung Galaxy S Fascinate phone and has experienced the Defect alleged in this complaint.  Plaintiff Taliaferro regularly uses his Galaxy S Fascinate phone primarily for personal, consumer use, as well as for GPS navigation and other purposes.

29.     Plaintiff Taliaferro purchased a Samsung Galaxy S Fascinate on October 23, 2010 at Fry's Electronics (an authorized Samsung reseller) in Roseville, California.  Soon thereafter, he experienced the Defect.  As a result, he had to remove and replace the battery in his Galaxy S phone on a daily basis.

30.     Plaintiff Taliaferro experienced problems resulting from the Defect in his Samsung Galaxy S Fascinate phone within any applicable warranty period.

31.     In or about March 2011, Plaintiff Taliaferro contacted his phone carrier, Verizon Wireless, several times about the Defect.  Eventually his phone carrier replaced his phone with another Samsung Galaxy S Fascinate phone.  Plaintiff Taliaferro continued to experience the same Defect with his replacement Samsung Galaxy S Fascinate phone.

32.     Plaintiff Taliaferro again contacted his phone carrier, which recommended he install a software update intended to fix the Defect.  Rather than fix the Defect, the new software update exacerbated it.

33.     After contacting his phone carrier several times, and continuing to experience the Defect with his replacement phone, Plaintiff Taliaferro discontinued using his Samsung Galaxy S Fascinate and purchased a new phone.

34.     At the time of purchase, Plaintiff Taliaferro was not aware of the Defect and as a result, Plaintiff Taliaferro has suffered injuries and damages in a manner similar to other Class members.  If the facts known to Defendant about the Defect had been disclosed to him, he would not have acquired that phone and entered into the associated contract at the prices paid.

35.     Plaintiff McKinney purchased a Galaxy S Fascinate phone on January 18, 2011 at a Walmart (an authorized Samsung reseller) in Statesboro, Georgia and has experienced the Defect alleged in this complaint.

36.     Plaintiff McKinney is a small business owner who purchased a Samsung Galaxy S Fascinate phone primarily for her business.  Plaintiff McKinney immediately experienced regular shutdowns with her Galaxy S phone, prompting her to return it to her phone carrier, Verizon Wireless, on January 24, 2011.

37.     In response to the Defect, Plaintiff McKinney contacted her phone carrier in an attempt to have the phone replaced or repaired.  Over several months, she received four replacement Samsung Galaxy S Fascinate phones, each of which contained the same Defect as the original.  Each time the Defect occurred, Plaintiff McKinney had to repeatedly remove and replace the battery to get the phone to turn on again.

38.     Specifically, Plaintiff McKinney received a replacement Galaxy S phone on February 10, 2011, which also suffered from the Defect, and she returned this replacement phone on February 18, 2011.

39.     Plaintiff McKinney received a replacement Galaxy S phone on February 18, 2011, which also suffered from the Defect, and she returned this replacement phone on March 20, 2011.

40.     Plaintiff McKinney also received replacement phones on June 6, 2011 and July 16, 2011, each of which suffered from the Defect and were unfit for their intended use.

41.     Plaintiff McKinney experienced the problems resulting from the Defect in her Samsung Galaxy S Fascinate phones within all applicable warranty periods.

42.     At the time of purchase, Plaintiff McKinney was not aware of the Defect and as a result, Plaintiff McKinney has suffered injuries and damages in a manner similar to other Class members.  If the facts known to Defendant about the Defect had been disclosed to her, she would not have acquired that phone and entered into the associated contract at the prices paid.

43.     Plaintiff Newbold owns a Samsung Galaxy S Epic 4G phone and has experienced the Defect alleged in this complaint.

44.     Plaintiff Newbold purchased a Samsung Galaxy S Epic 4G on or about September 1, 2010 at a Sprint Kiosk (an authorized Samsung reseller) in California.  Shortly after purchase, Plaintiff Newbold's phone began experiencing the Defect.

45.     Soon thereafter, Plaintiff Newbold installed a software update on his Galaxy S Epic 4G phone.  After this update, his phone experienced the Defect more frequently.  As a result, he had to remove and replace the battery in his Galaxy S Epic 4G phone on a daily basis.

46.     Plaintiff Newbold experienced problems resulting from the Defect in his Samsung Galaxy S Epic 4G phone within all applicable warranty periods.

47.     In or about February 2011, Plaintiff Newbold contacted his phone carrier several times about the Defect.  His phone carrier refused to offer a replacement phone and instead attempted to repair the phone by asking him to repeatedly reset the device.

48.     Plaintiff Newbold continued to experience the same Defect with his Samsung Galaxy S Epic 4G phone.  After contacting his phone carrier several times in unsuccessful attempts to repair or replace the device, Plaintiff Newbold discontinued using his Samsung Galaxy S Epic 4G and purchased a new phone.

49.     At the time of purchase, Plaintiff Newbold was not aware of the Defect and as a result, Plaintiff Newbold has suffered injuries and damages in a manner similar to other Class members.  If the facts known to Defendant about the Defect had been disclosed to him, he would not have acquired that phone and entered into the associated contract at the prices paid.

**D.     Samsung Fails to Provide an Adequate Remedy**

50.     Samsung is aware that its Galaxy S mobile phones suffer from the Defect that causes the phones to regularly freeze, crash, and shut down, and yet it continues to market and sell these phones.

51.     Samsung has failed to cure the Defect or replace Plaintiffs' Samsung Galaxy S phones with non-defective phones and offer full compensation.

52.     When consumers contacted Samsung and/or its authorized phone service facilities to complain about the Defect, Samsung denied there was any Defect with their Galaxy S phones.

53.     Each Plaintiff contacted a Samsung "authorized phone service facility" to repair or service their defective phones.  Samsung's express warranty represents to customers they may call Samsung customer care to "obtain assistance on where to deliver the product" for servicing or repair.   A true and correct copy of Samsung's Written Warranty is attached hereto and

incorporated by reference as "Exhibit A".  It was Samsung's custom to inform customers to take their phones to their local phone carriers for service.  Because the warranty does not specify what constitutes an "authorized phone service facility," Samsung's actions in referring customers to their phone carriers further shows these entities are phone service facilities authorized by Samsung for purposes of compliance with any express warranty obligations.

54.     Further confirming the Plaintiffs' phone carriers are "authorized phone service facilit(ies)" pursuant to the Samsung express warranty is a December 2010 AT&T Service Bulletin regarding "Random Shutdown Issues on AT&T Captivate."[1]  The bulletin notes "AT&T and Samsung are working together on a power off issue on the Samsung i897 Captivate."  *Id.* The bulletin goes on to direct AT&T retail segments to exchange the device if a customer has this issue.  *Id.*  This bulletin is solely offered to show that phone carriers such as AT&T were acting as authorized phone service facilities for the replacement of Samsung's defective Galaxy S phones pursuant to Samsung's written warranty.

55.     Additionally, the Verizon Wireless "Samsung Fascinate™ a Galaxy S phone Support" webpage[2] directs customers who experience a defect with their Galaxy S phones during the warranty period to contact Verizon customer service for repair or a replacement device.[3]

56.     Therefore, Plaintiffs and Class members complied with any applicable express warranty preconditions by returning their defective phones to their phone carrier for repair and/or service.

---

[1]  http://www.attdroids.com/forum/samsung-captivate-tech/2402-service-bulletin-random-shutdown-issues-t-captivate.html.

[2]  http://www.support.verizonwireless.com/clc/devices/index.html?p=5528&m= (*see* "Who do I contact if my device malfunctions while under warranty?").

[3]  http://www.support.verizonwireless.com/clc/faqs/Equipment/faq_troubleshooting.html?grp=1&faq=16.

57.     Plaintiffs and Class members have made repeated repair attempts, gave pre-lawsuit written notice of the Defect to Defendant, and provided Defendant the opportunity to cure the Defect for Plaintiffs and all other similarly affected consumers, all to no avail.

58.     Defendant's policy of replacing one defective phone with another defective phone fails to offer consumers a viable remedy, but instead only perpetuated Plaintiffs' and Class members' damages.  Defendant has refused to refund the cost of the phone and all related costs.

59.     Defendant has denied that its Galaxy S phones have experienced the Defect despite hundreds (if not thousands) of public complaints from consumers across phone carriers and the Galaxy S product line.

60.     Defendant has continued to knowingly sell the phones with the Defect present without disclosure of the Defect, and let consumers find out for themselves that the product is defective only after they have acquired the phone and expended money as a result.

**E.    Samsung had Notice of the Defect as Consumers Posted Complaints on Samsung.com**

61.     Consumers filed complaints about the Defect on Samsung.com, and have reported contacting Samsung and its authorized resellers about the Defect.

62.     The following is a sample of complaints concerning the Defect from Samsung's own website:

| CONSUMER COMPLAINTS FROM SAMSUNG.COM |
|---|
| "Why does my phone turn off (shut down) during sleep mode?"<br>--Samm<br><br>Link: http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT<br>Date: September 2010<br><br>**Samsung's Reponse to Samm:** "Once your phone goes in sleep mode or if the screen went black, press the power button located on the right side of the phone once to light up the screen.  **If after doing the step and the screen doesn't light up, then <u>you can go to your service provider so they can check the phone for you.</u>** You may also call |

Samsung Customer Support, so we can do minimal troubleshooting to your phone. Once troubleshooting has been done to the point of actual failure, we can setup a repair on the product, should it be determined the problem cannot be resolved over the phone. We can repair the phone, if it is still under warranty and has not been physically damaged. For troubleshooting and questions related to possible repairs we invite you to contact Samsung Customer Care at your earliest convenience through our toll free number 1-888-987-HELP (1-888-987-4357)." (emphasis added)
--Samsung4

Link: http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: November 2010

"What causes my phone to spontaneously shut off? Sometimes I'll check my phone and discover that it is turned off when it was on the last time I checked it. I cannot find a pattern to this behavior, but the frequency of this happening seems to be increasing, from once a week to, recently, once a day. I also would like to know why doing a factory reset didn't fix this problem.
--benbald72

Link: http://www.samsung.com/us/support/owners/product/SGH-I897ZKAATT
Date: September 2010

"What if my Captivate keeps on shutting off by itself? My phone was lying on my desk for about an hour and i come back and see that it was turned off. Then i turn it back on and come back at another short interval only to find out that my phone was turned off again. this has happened consistently over the past few days, and i need to know if this will be a problem with my phones reliability. I am a very busy person and i need to know that i can rely on my phone so that my family may reach me at all times. My phone is only a week old. and this problem appeared approximately three days ago."
--captivateuser

Link: http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: September 2010

"Samsung Galaxy phone randomly shuts off. Battery is fully charged but my Samsung Galaxy phone randomly shuts off. Battery is seated properly and fully charged. Changing display timeout settings doesn't help the situation."
--anyadorst

Link: http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: October 2010

"Phone keeps shutting off. 4-5 times a day my phone will completely shut off on its own. Is there anything I can do to prevent this?"
--snrrendondo

Link: http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: October 2010

"Why the heck does the phone shut down, without warning, daily? The freakin' phone

just shuts off, while I'm on a call, over night, or just any ol time?! The worst thing about it is, that I don't know the darn thing is off, so I can't take any action to correct it! How many calls have I missed? Does the phone still list them as "missed Calls" or do they just go away, lost forever? I use this phone for my business. A missed call can cost me thousands!!! I want this fixed or replaced IMMEDIATELY! You know how to contact me. If you can't fix it, just send me a Blackberry Torch!!"
--boogiemonster

Link: http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: November 2010

"How do I keep my Fascinate from turning off? My phone keeps shutting off. I cannot get it to stay on for any period of time if I am not using it. Is this a special function? I want to answer my phone when people call and I cannot do that if it continues to shut off. My friend and I got the same phones at same time and she is having same problem, so there must be a way to keep the phone on. right? there must be a function to keep the phone on so I can answer my calls without going to voicemail. thank you for your help!"
--BE649

Link: http://www.samsung.com/us/support/owners/product/SCH-I500RKLVZW
Date: December 2010

"My phone shuts off after a short time on its own. My phone turns all the way off after a few minutes of not being used. The battery power is fine and I don't see any other reason why it would do this. I am very upset because I keep missing calls and messages from people because I think it is on but it has shut itself off."
--cherylchoenstein

Link: http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: January 2011

"Why does my Samsung Captivate keep shutting off? My phone just randomly shuts down. it can be sitting on a table and 10 minutes later i have to pull the battery and reconnect to get it back working. Is there a recall on this? and if so how to i go about fixing it. most nights i set my alarm as i use it to wake and most mornings its completly turned off again. I can have 60% battery and it still happens. Ive already been late to work several times because of this problem. which isn't good"
--charbonnet81

Link: http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: January 2011

*Some spelling errors have been corrected to ensure clarity.

**F.  Plaintiffs Provided Samsung Pre-Lawsuit Notice on Behalf of Themselves and all Class Members**

63.     Following their repeated and unsuccessful attempts to obtain a proper repair or replacement phone, beginning on May 5, 2011, prior to the filing of this lawsuit, Plaintiffs' counsel, on behalf of all Class members, sent several letters by certified mail to Samsung's Chief Executive Officer, Dale Sohn, at its headquarters in Richardson, Texas and to Samsung's counsel.  Samsung failed to provide the requested relief, necessitating this lawsuit.

## CLASS ACTION ALLEGATIONS

64.     Plaintiffs bring this class action claim pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The requirements of Rule 23 are met with respect to the class defined below.

65.     Plaintiffs bring their claims on their own behalf, and on behalf of the following class (the "Class"):

> All persons who purchased one or more Samsung Galaxy S mobile phones from Samsung and/or its authorized retailers and experienced the defect or are likely to experience the defect during the useful life of the phone.  Excluded from the Class are the Defendants, their officers and directors at all relevant times, members of immediate families and their legal representatives, heirs, successors, or assigns and any entity in which the Defendants have or had a controlling interest.

66.     Plaintiffs reserve the right to amend or modify the Class definition in connection with a Motion for Class Certification and/or the result of discovery.  This lawsuit is properly brought as a class action for the following reasons.

67.      The Class is so numerous that joinder of the individual members of the proposed Class is impracticable.  The Class includes tens of thousands of persons geographically dispersed throughout the United States.  The precise number and identities of Class members are unknown to Plaintiffs, but are known to Defendant or can be ascertained through discovery, using records of sales, warranty records, and other information kept by Defendant or its agents.

68.     Plaintiffs do not anticipate any difficulties in the management of this action as a class action.  The Class is ascertainable and there is a well-defined community of interest in the questions of law and/or fact alleged herein since the rights of each Class Member were infringed or violated in similar fashion based upon Defendant's uniform misconduct.   Notice can be provided through such records and publication.

69.     Questions of law or fact common to the Class exist as to Plaintiffs and all Class members, and these common questions predominate over any questions affecting only individual members of the Class.  Among these predominant common questions of law and/or fact are the following:

a.      Whether Defendant's Galaxy S phones have the Defect present in them;

b.      Whether Defendant failed to disclose material facts about the Defect in its Samsung Galaxy S phones;

c.      Whether Defendant made any express warranties in their sale of Samsung Galaxy S phones;

d.      Whether Defendant made any implied warranties in their sale of Samsung Galaxy S phones;

e.      Whether Defendant breached any express or implied warranties relating to its sale of Samsung Galaxy S phones;

f.      Whether Defendant violated applicable consumer protection laws by selling phones with the Defect without disclosing its existence; and

g.      The appropriate nature and measure of class-wide relief.

70. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs and the Class. Individual questions, if any, pale by comparison to the numerous common questions that predominate.

71. Plaintiffs' claims are typical of the claims of Class members. The injuries sustained by Plaintiffs and the Class flow, in each instance, from a common nucleus of operative facts based on the Defendant's uniform conduct as set forth above. Moreover, the defenses, if any, that will be asserted against Plaintiffs' claims likely will be similar to the defenses that will be asserted, if any, against Class members' claims.

72. Plaintiffs will fairly and adequately protect the interests of Class members. Plaintiffs have no interests materially adverse to the interests of Class members and have retained counsel with significant experience in handling class actions and other complex litigation, and who will vigorously prosecute this action.

73. A class action is superior to other available methods for the fair and efficient group-wide adjudication of this controversy, and individual joinder of all Class members is impracticable, if not impossible because a large number of Class members are located throughout the United States. Moreover, the cost to the court system of such individualized litigation would be substantial. Individualized litigation would likewise present the potential for inconsistent or contradictory judgments and would result in significant delay and expense to all parties and multiple courts hearing virtually identical lawsuits. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the courts, protects the rights of each Class Member and maximizes recovery to them.

74.     Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

**COUNT I**
**Breach of Express Warranty**

**(On Behalf of All Plaintiffs and the Class)**

75.     Plaintiffs hereby incorporate all the above allegations by reference as if fully set forth herein.

76.     Plaintiffs assert this count individually, and on behalf of the proposed Class.

77.     Defendant and its authorized agents and resellers sold Galaxy S Phones to Plaintiffs and Class members in the regular course of business.  Such phones are goods.

78.     Defendant made certain representations, affirmations, promises, and descriptions, all of which became the basis of the bargain between Plaintiffs, Class members, and Defendants. Defendant expressly gave warranties by specific words or actions to Plaintiffs and Class members, through the issuance of its written warranty accompanying all its phones.

79.     Defendant expressly warranted to Plaintiffs and Class members that these phones were free from material defects in materials and/or workmanship and fit for their intended use. The warranty included with Plaintiffs' and Class members' phones provided that Samsung's Galaxy S Phones were "free from defects in material and workmanship under normal use and service" for one year from purchase.

80.     Samsung's Galaxy S phones failed to comply with Defendant's express representations and affirmations because the phones suffer from the Defect, which causes the phones to freeze, shut down, and power-off randomly while in standby mode, rendering the phones inoperable for their intended use.

81.     Plaintiffs, on behalf of themselves and the Class, provided Defendant with notice of their breach of express warranties prior to the filing of this lawsuit.  Defendant already was or should have been on notice of the Defect in the Galaxy S phones from complaints and service requests they received from Class members, from repairs and/or replacements of the Samsung phones at issue or from their own internal testing protocols.

82.     Plaintiffs complied with the preconditions to an express warranty claim by contacting a Samsung "authorized phone service facility" to repair or service their defective phones.  By contacting or sending their phones to their respective phone carriers for service or repair of the Defect, Plaintiffs complied with any applicable warranty's preconditions based on how the term "authorized phone service facility" has been actually applied.

83.     Plaintiffs Taliaferro and Newbold also were in compliance with any warranty preconditions pursuant to California statute.   California Civil Code § 1793.3 states if "the manufacturer of consumer goods sold in this state for which the manufacturer has made an express warranty does not provide service and repair facilities within this state" the buyer may return the nonconforming goods to either: (1) the retail seller of the nonconforming goods; or (2) to any retail seller of like goods of the same manufacturer within this state.   According to Samsung, its only authorized phone service center is in Texas.  Plaintiffs Taliaferro and Newbold either contacted or took their defective phones to a California location of their respective phone carriers.  Plaintiffs' phone carriers are the authorized resellers of like goods of Defendant Samsung and therefore, by statute, are authorized service facilities for purposes of the express warranty. Thus, Plaintiffs Taliaferro and Newbold complied with all preconditions to an express warranty claim by returning their defective Samsung phones during the warranty period to "an

authorized phone service facility" as set forth in the express warranty and as permitted under Cal. Civ. Code § 1793.3.

84.     In conformance with their warranty, Plaintiffs contacted and afforded Defendant or their authorized phone service facilities (*i.e.*, phone carriers) reasonable opportunities to repair and/or replace the defective phones during the warranty period.   Plaintiff Taliaferro's phone carrier replaced his Samsung phone with the same model phone, which suffered from the same Defect.   Plaintiff McKinney received four different replacement Samsung phones from her phone carrier, all of which suffered from the same defect.   Plaintiff Newbold contacted his phone carrier on numerous occasions and was refused a replacement phone.   Instead, Newbold's phone carrier made various attempts to repair the phone including asking Newbold to reset the phone, none of which were successful.

85.     Defendant's systematic breach of express warranty caused Plaintiffs to suffer injuries, including the inability to use their phones, as well as paying for defective products and entering into transactions that they would not have entered but for Defendant's acts.

86.     As a direct and proximate result of Defendant's breach of express warranties, Plaintiffs and Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale in terms of the difference between the value of the phones as promised and the value of the phones as delivered.   Additionally, Plaintiffs and Class members either have or will incur economic injury and damages through the cost of repair, time expended to have the phones repaired, as well as the cost of complying with contracts if the phones cannot be repaired.

87.     Plaintiffs and Class members are entitled to legal and equitable relief against Defendant, including damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief as appropriate.

## COUNT II
### Breach of Implied Warranty

### (On Behalf of All Plaintiffs and the Class)

88.     Plaintiffs hereby incorporate all the above allegations by reference as if fully set forth herein.

89.     Plaintiffs Taliaferro and Newbold, individually and on behalf of all California Class members, assert this claim pursuant to the California version of the Uniform Commercial Code (Cal. Com. Code § 2314).  Plaintiff McKinney, individually, and on behalf of all other Class members, asserts this claim pursuant to common law.

90.     Defendant and its authorized resellers sold Galaxy S Phones to Plaintiffs and Class members in the regular course of business.

91.     Defendant impliedly warranted to Plaintiffs and Class members these phones were of merchantable quality, would pass without objection in the trade or business, were free from material defects and reasonably fit for the use for which they were intended.

92.     Pursuant to agreements between Defendant and its authorized agents and re-sellers, the stores Plaintiffs and Class members purchased their defective Galaxy S phones from are authorized retailers and authorized phone service facilities, and Plaintiffs and Class members are third-party beneficiaries of, and substantially benefited from, such contracts.

93.     Defendant breached its implied warranties by selling Plaintiffs and Class members defective Samsung Galaxy S mobile phones that have failed during the useful life of the phones.  The Defect renders the Galaxy S phones unfit for their ordinary purposes as mobile

phones.  Defendant has refused to recall, repair or replace, free of charge, all Samsung Galaxy S mobile phones or any of their defective component parts or refund the prices paid for such phones.

94.    Plaintiffs, on behalf of themselves and the Class, provided Defendant with notice of its breach of implied warranties prior to the filing of this lawsuit.  Defendant already was or should have been on notice of the Defect from complaints and service requests they received from Class members, from repairs and/or replacements of the Samsung phones at issue, and through its own internal testing protocols.

95.    Plaintiffs afforded Defendant or their authorized phone service facilities repeated opportunities to repair and/or replace the defective phones.  Plaintiff Taliaferro's phone carrier replaced his Samsung phone with the same model, which suffered from the same Defect.  Plaintiff McKinney received four different replacement Samsung phones from her phone carrier, all of which suffered from the same Defect.  Plaintiff Newbold contacted his phone carrier on numerous occasions and was refused a replacement phone.  Instead, Newbold's phone carrier made various unsuccessful attempts to repair the phone including asking him to reset the phone.

96.    The Defect in the Galaxy S phones existed when the phones left Defendant's and their authorized agents' and resellers' possession.

97.    As a direct and proximate result of Defendant's breach of warranties, Plaintiffs and Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale in terms of the difference between the value of the phones as warranted and the value of the phones as delivered.  Additionally, Plaintiffs and Class members either have or will incur economic, incidental and consequential damages in the cost of repair,

time expended to have the phones repaired, as well as obligations under contracts if the phones cannot be repaired.

98.     Plaintiffs and Class members are entitled to legal and equitable relief against Defendant, including damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief as appropriate.

## COUNT III
### Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

### (On Behalf of All Plaintiffs and the Class)

99.     Plaintiffs hereby incorporate all the above allegations by reference as if fully set forth herein.

100.     Plaintiffs assert this count individually and on behalf of the proposed Class.

101.     The Samsung Galaxy S mobile phones at issue are "consumer products" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(1).

102.     Plaintiffs and Class members are "consumers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3).

103.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Act, 15 U.S.C. §§ 2301(4)-(5).

104.     Defendant's written affirmations of fact, promises and/or descriptions, as alleged herein, are each a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(6).

105.     Defendant warranted to Plaintiffs and to Class members the Samsung Galaxy S mobile phones were of merchantable quality and fit for the ordinary purposes for which the phones are used.

106.     Defendant has breached and refused to honor its warranties.  Defendant breached its warranties, as the Samsung Galaxy S mobile phones are defective.  The Defect renders the Galaxy S phones unfit for their ordinary purposes as mobile phones, not of merchantable quality and the phones failed to perform as reasonably expected.

107.     Each Plaintiff has asserted a valid breach of express and/or implied warranty claim as set out in Counts I and II herein.  Plaintiffs complied with all warranty preconditions by either contacting or taking their defective phones to an authorized phone service facility for repair or replacement.  Plaintiffs made these attempts during the express warranty period.  Additionally, Plaintiffs afforded Samsung and/or their authorized phone service facility the opportunity to cure the Defect by repairing or replacing the phone, without success.

108.     The amount in controversy of Plaintiffs' and Class member's individual claims meets or exceeds the sum or value of $25.  In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.

109.     Samsung has been afforded a reasonable opportunity to cure its breach of warranty.  Plaintiffs, on behalf of themselves and the Class, provided repeated notice of the presence of this Defect to Samsung and demanded an appropriate remedy prior to filing this lawsuit.  Samsung failed to provide a sufficient remedy in terms of a consistently operating phone that does not contain the Defect.

110.     As a direct and proximate result of Defendant's conduct, Plaintiffs and the Class have suffered injury and damages in an amount to be determined at trial.  Plaintiffs and the Class are entitled to recover damages, consequential damages, specific performance, diminution in value, rescission, attorneys' fees and costs, and other relief as authorized by law.

**COUNT IV**
**Consumers Legal Remedies Act, California Civil Code**
**§ 1750 *et seq*.**

**(On Behalf of Plaintiffs Taliaferro and Newbold**
**and California Class Members)**

111.    Plaintiffs Taliaferro and Newbold incorporate all of the above allegations by reference as if fully set forth herein.    Plaintiffs Taliaferro and Newbold assert this claim individually, and on behalf of all California Class members under California Civil Code § 1781.

112.    The Consumers Legal Remedies Act ("CLRA") was enacted to protect consumers against unfair and deceptive business practices.    The CLRA applies to Defendant's acts and practices because it covers transactions involving the sale of goods to consumers.

113.    The Samsung Galaxy S phones are "goods" under California Civil Code § 1761(a).

114.    Samsung is a "person" under California Civil Code § 1761(c).

115.    Plaintiffs Taliaferro, Newbold and the California Class members are "consumers" under California Civil Code § 1761(d).

116.    Plaintiffs Taliaferro, Newbold and California Class members engaged in "transactions" under California Civil Code § 1761(e), including the purchase of Samsung Galaxy S phones and the presentation of Samsung Galaxy S phones for repair or replacement of the Defect.

117.    Samsung's unfair and deceptive business practices were intended and did result in the sale of Samsung Galaxy S phones, a defective consumer product, as evidenced by the fact it was aware or placed on notice of the Defect prior to its sale of the phone to Plaintiff and members of the Class.

118.   Defendant's Samsung Galaxy S phones failed to perform in accordance with their expected characteristics, uses and benefits.

119.   Prior to selling the defective phones to Plaintiffs, Samsung had exclusive knowledge of material facts, *i.e.* the Samsung Galaxy S phones were defective, unknown to Plaintiffs Taliaferro, Newbold and California Class members.   These facts were material to Plaintiffs Taliaferro, Newbold and likely California Class members as well, since had the Defect in the Samsung Galaxy S phones been disclosed they would not have purchased the phones at the prices they did.

120.   Defendant had a duty to disclose the Defect in the Samsung Galaxy S for various reasons, including:

(a)   Samsung had exclusive knowledge of the Defect and other material facts not known to Plaintiffs Taliaferro, Newbold or the California Class prior to the sale of the phones; and

(b)   Samsung actively concealed a material fact from Plaintiffs Taliaferro, Newbold and the California Class prior to the sale of the phones.

121.   For Plaintiffs and California Class members, the Defect began manifesting itself during the express warranty period for their Samsung Galaxy S phone.

122.   Defendant engaged in unfair and deceptive practices by withholding the above material facts from Plaintiff Taliaferro, Newbold and the California Class, in violation of Cal. Civ. Code § 1770(a)(5), (7) and (14).

123.   As a direct and proximate result of Defendant's conduct, Plaintiffs Taliaferro, Newbold and the California Class members suffered damage as set forth above and are thus entitled to assert claims under the CLRA.

124.     Plaintiffs Taliaferro, Newbold and California Class members are entitled to injunctive relief, restitution, court costs and attorney fees, and other relief the Court deems proper.

125.     Additionally, Pursuant to California Civil Code § 1782, Plaintiffs' counsel sent Defendant a CLRA demand letter via certified mail.   In response to that letter, Samsung has refused to provide complete relief to both Plaintiffs and all affected California Class members. As Defendant has failed to provide the relief demanded as required under § 1782 the CLRA, Plaintiffs also demand payment of all actual, statutory and punitive damages for Defendants' violation of the CLRA.

### COUNT V
### Violation of the California Unfair Competition Law

### (On Behalf of Plaintiffs Taliaferro, Newbold
### and California Class Members)

126.     Plaintiffs Taliaferro and Newbold incorporate all of the above allegations by reference as if fully set forth herein.   Plaintiffs Taliaferro and Newbold assert this claim individually, and on behalf of all California Class members.

127.     Defendant's business acts and practices complained of were centered in, carried out, effectuated or perfected within or had their effect in the State of California, and injured Plaintiffs Taliaferro, Newbold and the California Class members.

128.     Beginning as early as July 2010, and continuing thereafter at least up through and including the date of filing this Second Amended Complaint, Defendant committed acts of unfair competition, as defined by § 17200, *et seq.*, of the California Business and Professions Code, by engaging in the acts and practices specified above.

129.    This claim is instituted pursuant to §§ 17203 and 17204 of the California Business and Professions Code to obtain equitable monetary and injunctive relief from Defendant for acts and practices as alleged herein that violated § 17200 of the California Business and Professions Code, commonly known as the Unfair Competition Law.

130.    Defendant's conduct as alleged herein violated § 17200. The acts, omissions, practices and non-disclosures of Defendant constituted a common continuous course of conduct of unfair competition by means of the commission of unfair and unlawful business acts or practices within the meaning of California Business and Professions Code, § 17200, *et seq.*

131.    Defendant engaged in "unlawful" business acts and practices by:

(a)     violating the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*;

(b)     violating the Song-Beverly Consumer Warranty Act, California Civil Code § 1792, *et seq.*;

(c)     breaching implied and express warranties; and

(d)     violating the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*

132.    Defendant engaged in "unfair" business acts and practices by, among other things:

(a)     engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiffs Taliaferro, Newbold and the California Class considering the reasonably available alternatives, based on legislatively declared policies not to sell defective products in the market;

(b)     engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs Taliaferro, Newbold and the California Class; and

(c)    engaging in unfair business practices by refusing to permanently repair or recall the defective Samsung Galaxy S phones.

133.    Defendant engaged in "unfair" business acts and practices by selling the Samsung Galaxy S phones knowing or being aware they contained the Defect that causes the phones to freeze, shut down, and power-off randomly while in standby mode, then only offering to replace then with similarly defective phones. Defendant also engaged in unfair business acts and practices by making express and implied warranties, that it refuses to honor.

134.    As such conduct is or may well be continuing and on-going, Plaintiffs Taliaferro, Newbold and each of the California Class members are entitled to injunctive relief to prohibit or correct such on-going acts of unfair competition, in addition to obtaining equitable monetary relief.

135.    Plaintiffs Taliaferro, Newbold and California Class members used Defendant's products and had business dealings with Defendant either directly or indirectly as described above.  The acts and practices of Defendant have caused Plaintiffs Taliaferro, Newbold and California Class members to lose money and property by being overcharged for and paying for the defective phones at issue.  Such loss was the direct result of the above acts of unfair competition and Defendant's misconduct in violation of the state and federal laws set forth above. Plaintiffs are therefore entitled to seek recovery of such amounts.  Such injury occurred at the time such monies were paid.  Plaintiffs have thus each suffered injury in fact and lost money or property as a result of such acts and practices as set forth in detail above.

136.    Defendant has been unjustly benefited as a result of its wrongful conduct and its acts of unfair competition. Plaintiffs Taliaferro, Newbold and California Class members are accordingly entitled to equitable relief including restitution and/or restitutionary disgorgement of

all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendant as a result of such business acts and practices, pursuant to California Business and Professions Code §§ 17203 and 17204, as well as attorneys' fees and costs pursuant to C.C.P. § 1021.5.

### COUNT VI
### Song-Beverly Warranty Act, California Civil Code
### § 1792, *et seq.*

### (On Behalf of Plaintiffs Taliaferro, Newbold
### and California Class Members)

137.   Plaintiffs Taliaferro and Newbold incorporate all of the above allegations by reference as if fully set forth herein.   Plaintiffs Taliaferro and Newbold assert this claim individually, and on behalf of all California Class members.

138.   Under the Song-Beverly Consumer Warranty Act, California Civil Code § 1792, *et seq.*, every sale of consumer goods in the State of California is accompanied by both a manufacturer's and retail seller's implied warranty that the goods are merchantable.

139.   Plaintiffs Taliaferro, Newbold and the Class members who bought at retail in California each purchased one or more Samsung Galaxy S mobile phones which are "consumer goods" within the meaning of California Civil Code § 1791(a).

140.   Defendant is in the business of manufacturing and selling Samsung Galaxy S mobile phones to retail buyers, and therefore is a "manufacturer" and "seller" within the meaning of California Civil Code § 1791.

141.   Defendant provided express warranties and also impliedly warranted to Plaintiffs Taliaferro, Newbold and California Class members that the Samsung Galaxy S phones were of merchantable quality, would pass without objection in the trade or industry, and were fit for the ordinary purposes for which the phones are used.

142.   As described above, Defendant has breached both express and implied warranties because the Samsung Galaxy S mobile phones sold to Plaintiffs Taliaferro, Newbold and California Class members were not of the same quality as those generally acceptable in the trade and were not fit for the ordinary purposes for which such goods are used, in that the phones freeze, shut down, and power-off randomly while in standby mode, causing Plaintiffs Taliaferro, Newbold and California Class members to lose time, data and/or work product.

143.   Plaintiffs Taliaferro and Newbold complied with all provisions of the Song-Beverly Act for servicing of the phone by returning the defective phones to their phone carriers for service in compliance with § 1793.3 of the Calif. Civil Code, which provides that if "the manufacturer of consumer goods sold in this state for which the manufacturer has made an express warranty does not provide service and repair facilities within this state" the buyer may return the nonconforming goods to either: (1) the retail seller of the nonconforming goods; or (2) to any retail seller of like goods of the same manufacturer within this state.   According to Samsung, its only authorized phone service center is in Texas.  Plaintiffs Taliaferro and Newbold either contacted or took their defective telephones to a California location of their phone carrier. Plaintiffs' phone carriers are Samsung authorized retail sellers of like goods.

144.   As a direct and proximate cause of Samsung's breach of the Song-Beverly Act, Plaintiffs Taliaferro, Newbold and California Class members sustained damages and other losses in an amount to be determined at trial.   Samsung's conduct has caused Plaintiffs Taliaferro, Newbold and California Class members as described above to incur loss, entitling them to compensatory damages, consequential damages, statutory damages, diminution in value, costs, attorneys' fees and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all Class members pray for judgment against Defendant as follows:

A.     Declaring this action to be a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Awarding Plaintiffs and Class members all proper measures of equitable monetary relief and damages as set forth above, plus interest to which they are entitled;

C.     Awarding equitable, injunctive, and declaratory relief as the Court may deem just and proper;

D.     Awarding Plaintiffs' reasonable costs and attorney's fees; and

E.     Granting such further and other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury on all issues so triable.

DATED:  March 1, 2012                    Respectfully Submitted,

DOYLE LOWTHER LLP
William J. Doyle II (*pro hac vice*)
James R. Hail (*pro hac vice*)
10200 Willow Creek Road, Suite 150
San Diego, CA 92131
Tel:     (858) 935-9960
Fax:     (858) 939-1939
email:   bill@doylelowther.com
         jim@doylelowther.com

Marc R. Stanley
Martin Woodward

Scott Kitner
STANLEY • IOLA, LLP
310 Monticello Ave., Ste. 750
Dallas, TX 75205
Tel:    (214) 443-4300
Fax:    (214) 443-0358
Email: marcstanley@mac.com

THE CONSUMER LAW GROUP
Alan M. Mansfield
10200 Willow Creek Road, Suite 160
San Diego, CA 92131
Tel:    (619) 308-5034
Fax:    (888) 341-5048
email:  alan@clgca.com

GLYNN LAW GROUP
THOMAS E. GLYNN
10200 Willow Creek Road, Suite 170
San Diego, CA 92131
Tel:    (858) 271-1100
Fax:    (858) 876-1530
email:  tom@glynnlawgroup.com

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing document has been served upon Samsung's counsel of record via the Court's ECF system on March 1, 2012.

By: _____
        WILLIAM J. DOYLE II